UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

WELLINGTON ROSARIO, a/k/a "EMMANUEL
GONZALEZ,"

                    Defendant.

------------------------------------X

12 Cr. 403-01 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/17

**Sweet, D.J.**

On July 9, 2012, Wellington Rosario ("Rosario" or "Defendant") pleaded guilty to one count of passport fraud, in violation of 18 U.S.C. § 1542, one count of identity fraud, in violation of 18 U.S.C. § 1028, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. For the reasons set forth below, Rosario will be sentenced to a term of 3 years' imprisonment, and a $300 assessment.

**Prior Proceedings**

On May 21, 2012, Information 12 CR 403 (RWS) was filed in the Southern District of New York. Count One charges that on

1

January 26, 2012, Rosario submitted an application for a United States passport that included the name, date of birth and social security number of another person (the "Victim") with Rosario's photograph, in violation of 18 U.S.C. § 1542. Count Two charges that on April 23, 2012, Rosario, without lawful authority, provided the Victim's name and date of birth to the New York State Department of Motor Vehicles in order to produce a New York State driver's license with that information and his photograph, in violation of 18 U.S.C. § 1028. Count Three charges that on April 23, 2012, Rosario, in relation to a violation of 18 U.S.C. § 1028(a)(1), used the Victim's social security number in an application to obtain a New York State driver's license for himself in the Victim's name, in violation of 18 U.S.C. § 1028A.

On June 8, 2012, Rosario appeared before the Honorable Michael H. Dolinger in the Southern District of New York and allocuted to Counts One, Two and Three.

Rosario's sentencing is currently scheduled for September 25, 2012.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

- (2) the need for the sentence imposed —

    - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    - (B) to afford adequate deterrence to criminal conduct;

    - (C) to protect the public from further crimes of the defendant; and

    - (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- (3) the kinds of sentences available;

- (4) the kinds of sentence and the sentencing range established for —

    - (A) the applicable category of offense committed by the applicable category of defendant as

set forth in the guidelines . . . ;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Rosario's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

The investigation into the instant offense was conducted by the U.S. Department of State, Diplomatic Security Service ("DSS"). Per the DSS's review of a passport application (the "Passport Application") submitted to the U.S. Department of State, the following was learned:

    a.    The Passport Application was originally submitted at a post office in New York, New York, on December 29, 2005.

    b.    The applicant who submitted the Passport Application provided a name, date of birth, and a social security number (the "Victim").

    c.    The applicant who submitted the Passport Application stated that he was born in Puerto Rico but lived in New York, New York.

    d.    The applicant submitted a photograph with the Passport Application.

    e.    In support of the application, the applicant

submitted a New York State ID Card and a New York State Benefits Card in the Victim's name and with a photograph of the same individual whose photograph was submitted with the Passport Application.

The DSS compared the photograph submitted with the Passport Application to a photograph of the Victim obtained from the Puerto Rico Department of Motor Vehicles, and they do not appear to depict the same person. The DSS compared the photograph submitted with the Passport Application to a photograph of Rosario obtained in connection with a prior New York State arrest, and they appear to depict the same person.

Based on documents provided by the New York State Department of Motor Vehicles ("DMV"), the DSS learned that on April 23, 2012, at a DMV office in New York, New York, an individual submitted an application for a New York State identification document (the "DMV Application") using the same Victim's identity in the Passport Application. The basis for the DMV Application was that the applicant had purportedly changed his address.

On March 20, 2012, the NYPD interviewed the Victim telephonically, and it was learned that the Victim did not submit or authorize the DMV Application.

On March 20, 2012, the NYPD interviewed Rosario, and the following was learned:

a. Rosario has been using the identity of the Victim for several years. Rosario first began using the Victim's identity after purchasing "papers" with the Victim's information. Rosario used those papers to apply for a New York State Driver's License in the Victim's name.

b. Rosario previously submitted a passport application in the Victim's name but with Rosario's photograph.

c. In 2010, Rosario submitted an application for another driver's license in the Victim's name because, among other reasons, Rosario had changed his address.

   d. Rosario knows that the Victim is a real person.

**The Relevant Statutory Provisions**

For Count One, the maximum term of imprisonment is 10 years, pursuant to 18 U.S.C. § 1542. For Count Two, the maximum term of imprisonment is 15 years, pursuant to 18 U.S.C. § 1028. Count Three imposes a mandatory minimum of two years' imprisonment to run consecutive to any other term of imprisonment, pursuant to 18 U.S.C. § 1028A.

With respect to Counts One and Two, if a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2). With respect to Count Three, if a term of imprisonment is imposed, the term is one year, pursuant to 18 U.S.C. § 3583(b)(3).

With respect to Counts One and Two, the Defendant is not eligible for probation because he is being sentenced at the same time to a term of imprisonment on a different count or case, pursuant to 18 U.S.C. § 3561(a)(3). With respect to

8

Count Three, the Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 18 U.S.C. § 1028A.

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $300 is mandatory ($100 per count), pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2011 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment are as follows:

Pursuant to §3D1.2(b), Counts One and Two are grouped because they involve the same victim and two acts connected by a common criminal objective. The sentencing Guideline applicable to Counts One and Two is found in §2L2.2(a), which provides for a base offense level of 8.

9

Pursuant to §2L2.2(b)(3), because the Defendant fraudulently obtained a United States passport, an increase of 4 levels is warranted. Based on the Defendant's plea allocution, the Defendant has shown recognition of responsibility for the offense. Pursuant to §3E1.1(a), the offense is reduced 2 levels. Accordingly, the applicable offense level for Counts One and Two is 10.

The sentencing Guideline applicable to the offense charged in Count Three is §2B1.6. Pursuant to §2B1.6(a), the Guideline sentence is the term of imprisonment required by the statute, which is two years.

Based upon information available, the Defendant has 5 prior criminal convictions. On September 10, 2003, the Defendant was arrested for criminal possession of cocaine. On February 8, 2007, the Defendant was sentenced in the Supreme Court of New York County to five years' probation, and on September 25, 2008, the Defendant was resentenced to one year imprisonment. Pursuant to §4A1.1(b) and §4A1.2(d)(2)(A), this criminal conviction warrants two criminal history points. On November 9, 2003, the Defendant was arrested for criminal possession of a controlled substance. On February 8, 2007, he

was sentenced in the Supreme Court of New York County to five years' probation, and on September 25, 2008, the Defendant was resentenced to one year imprisonment. Pursuant to §4A1.1(b) and §4A1.2(d)(2)(A), this criminal conviction warrants two criminal history points. On November 20, 2003, the Defendant was arrested for criminal possession of a narcotic drug. On February 8, 2007, the Defendant was sentenced in the Supreme Court of New York County to five years' probation, and on September 25, 2008, the Defendant was resentenced to one year imprisonment. Pursuant to §4A1.1(b) and §4A1.2(d)(2)(A), this conviction warrants two criminal history points. On October 3, 2007, the Defendant was arrested for criminal possession of a controlled substance. On September 25, 2008, the Defendant was sentenced in the Supreme Court of New York County to four years' imprisonment, two years' post-release supervision and six months' suspended license. Pursuant to §4A1.1(a) and §4A1.2(e)(1), this criminal conviction warrants three criminal history points. On February 10, 2008, the Defendant was arrested for criminal possession of a controlled substance. On September 25, 2008, the Defendant was sentenced in the Supreme Court of New York County to four years' imprisonment, two years' post-release supervision and six months' license suspended. Pursuant to §4A1.1(a) and §4A1.2(e)(1), this

11

criminal conviction warrants three criminal history points. The total of the criminal history points is 12, however, pursuant to §4A1.1(d), because the Defendant committed the instant offense while under parole, two additional points are added. As such, the Defendant has 14 criminal history points, and his Criminal History Category is VI.

Based on a total offense level of 10 and a Criminal History Category of VI, the Guidelines range for imprisonment for Counts One and Two is 24 to 30 months. Count Three requires a mandatory consecutive sentence of two years' imprisonment. Accordingly, the Defendant's Guidelines sentencing range is 48 to 54 months' imprisonment.

With respect to Counts One and Two, the Guideline range for a term of supervised release is at least one year but not more than three years, pursuant to §5D1.2(a)(2). With respect to Count three, the Guideline range for a term of supervised release is one year, pursuant to §5D1.2(a)(3). Pursuant to §5D1.1(c), the Court should not ordinarily impose a term of supervised release in a case in which supervised release is not required by statute, and the Defendant is a deportable alien who is likely to be deported after serving a

term of imprisonment.

Because the applicable Guideline range is in Zone D of the Sentencing Table, the Defendant is not eligible for probation, pursuant to §5B1.1, application note 2.

The fine range for the instant offense is from $2,000 to $20,000, pursuant to §5E1.2(c)(3)(A). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation or supervised release pursuant to §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,407.78 to be used for imprisonment, a monthly cost of $286.11 for supervision and a monthly cost of $2,180.27 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required

by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

The Defendant's counsel has submitted a letter describing the circumstances of the Defendant's abusive childhood, his substance abuse issues, his efforts to change his life and his remorse for the crime he committed. The Defendant has also submitted 11 letters of support, describing the Defendant's dedication to his family, dependability to friends and remorse for his crimes. These submissions represent that, while living in the Dominican Republic, the Defendant was subjected to abuse by his mother, until she sent him to the United States to live with his father when he was nine years old. The Defendant believes that he entered the United States illegally. The Defendant's situation did not improve when his father became his guardian, as his father subjected the Defendant to physical abuse. The Defendant's counsel represents that the Defendant's struggle with substance abuse stems from the circumstances of the Defendant's childhood.

According to the Defendant's submissions, following his most recent term of imprisonment, the Defendant has

14

started to turn his life around, working at a real estate office. The Defendant also held previous jobs in the past. Since early May 2012, during his incarceration, the Defendant has been working as a porter at the Metropolitan Correctional Center.

The Defendant has also started a new family, as he has fathered a one year old child with his partner of ten years, Gini Trinidad. Prior to his arrest, Rosario lived with Ms. Trinidad and her mother. Ms. Trinidad and her mother have maintained their support of the Defendant during his incarceration. Although the Defendant will be deported following his term of incarceration, it is defense counsel's understanding that Ms. Trinidad and the child will be moving back to the Dominican Republic following the Defendant's deportation in order to keep the family unit intact.

In light of the Defendant's youth, the need to support his family and the fact that the public will not be in danger of future offenses by the Defendant following his deportation to the Dominican Republic, it is concluded that a downward departure from the sentencing Guidelines in warranted in this case.

15

**The Sentence**

For the instant offense, the Defendant will be sentenced to 24 months' imprisonment on Counts One and Two to be followed by the mandatory minimum of two years' imprisonment for Count Three. A special assessment of $300, payable to the United States, is mandatory and shall be due immediately. In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. In light of §5D1.1(c) of the Guidelines, a term of supervised release is not imposed.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for September 25, 2012.

It is so ordered.

**New York, NY**
**September 19, 2012**

ROBERT W. SWEET
U.S.D.J.